IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 1:22-CR-183-2** |
| | : | **(FYP)** |
| v. | : | |
| | : | |
| | : | |
| **LYNWOOD NESTER,** | : | **(JUDGE PAN)** |
| | : | |
| **Defendant** | : | |

## SUPPLEMENTAL IN SUPPORT OF MOTION TO AMEND CONDITIONS OF PRETRIAL RELEASE

**AND NOW**, comes the Defendant, Lynwood Nester, by and through his attorney, Jonathan W. Crisp, Esquire, and respectfully requests that this Honorable Court grant his unopposed motion to amend the conditions of pretrial release, and in support thereof, respectfully represents as follows:

1. The Defendant incorporates herein and makes a part hereof the facts and evidence contained in defense Motion to Amend Conditions of Pretrial Release (ECF No. 24).

2. Since 2015, the Defendant has been an employee of Bowhunters Superstore located at 1045 Zeigler Road, Wellsville, PA, 17365. Bowhunters Superstore is a sporting goods store that specializes in archery equipment but sells all types of firearms: handguns, rifles, shot guns, muzzle loaders, etc.

3. The Defendant typically works on demand or part time. He is currently working 15 to 20 hours per week on average. During the busy season, which begins in late summer and peaks in October, the Defendant can work upwards of 40 hours a week.

4. At Bowhunters Superstore the Defendant's primary occupation is Bow Technician however he is also responsible for sales. As a Bow Technician the Defendant handles all types of archery equipment, repairs and assembly of bows. As a part of repairs and assembly the Defendant must test the bows by firing them in the indoor archery range to ensure that the bows are sighted and aligned correctly thus ready for sale.

5. While he works primarily with bows, the defendant is also responsible for the sale of firearms. The Defendant does not do repairs or maintenance on firearms, any firearms are only in his possession during the process of the sale or transfer from the customer back to the shop. The Defendant does not discharge weapons as a part of his job nor are firearms discharged anywhere on the property. Working with firearms is unavoidable for the Defendant. Due to the highs and lows of the hunting industry, there are times when the Defendant is

the only employee available to work at the store. During those times, the Defendant would have to handle firearms to a limited extent.

6. Therefore, the current probation restrictions on the Defendant will deprive him of working during the most profitable season for his profession and will cause the store to be understaffed in times of need. If the Defendant is unable to preform the necessary tasks for his job his employment there is pointless.

7. Accordingly, the Defendant respectfully requests that he be granted relief from these restrictions and be allowed to possess firearms during the course of his employment and while at the place of his employment.

WHEREFORE, it is respectfully requested that this Honorable Court grant the Defendant's Motion to Amend Conditions of Pretrial Release.

Date: <u>27 June 2022</u>

Respectfully submitted,

/s/ Jonathan W. Crisp

Jonathan W. Crisp, Esquire
4031 North Front Street
Harrisburg, PA 17011
Tel. No. 717-412-4676
Fax No. 717-412-4679
jcrisp@crisplegal.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served on the individual listed below:

## ELECTRONIC SERVICE

Benjamin Kringer, Esquire
Assistant United States Attorney
US Attorney's Office for the District of Columbia
555 Fourth Street, NW
Washington, DC 20530
Benjamin.kringer@usdoj.gov

Date: 27 June 2022

/s/ Jonathan W. Crisp
Jonathan W. Crisp, Esquire
4031 North Front St.
Harrisburg, PA 17110
I.D. # 83505
(717) 412-4676
jcrisp@crisplegal.com
Attorney for Defendant