UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CASE NO. 22-cr-183 (TSC) |
| | : | |
| LYNNWOOD NESTER, | : | |
| | : | |
| Defendant. | : | |

**JOINT PROPOSED JURY INSTRUCTIONS**

The parties request the following jury instructions.

**I.     Instructions Before and During Trial**

The parties have no objection to the Pattern Criminal Jury Instructions for the District of Columbia, 2021 Release ("Redbook"), as appropriate based on the developments at trial.

**II.    Preliminary Instructions**

1. Preliminary Instruction Before Trial, Redbook 1.102

2. Stipulations, Redbook 1.103(A)

3. Notetaking by Jurors, Redbook 1.105

4. A Juror's [Subsequent] Recognition of a Witness or Other Party Connected to the Case, Redbook 1.108)

**III.   Final Instructions**

1. Furnishing the Jury with a Copy of the Instructions, Redbook 2.100

2. Function of the Court, Redbook 2.101

3. Function of the Jury, Redbook 2.102

4. Jury's Recollection Controls, Redbook 2.103

5. Evidence in the Case, Redbook 2.104

6.     Statements of Counsel, Redbook 2.105

7.     Information Not Evidence, Redbook 2.106

8.     Burden of Proof, Redbook 2.107

9.     Reasonable Doubt, Redbook 2.108

10.     Direct and Circumstantial Evidence, Redbook 2.109

11.     Nature of Charges Not to Be Considered, Redbook 2.110

12.     Number of Witnesses, Redbook 2.111

13.     Inadmissible and Stricken Evidence, Redbook 2.112, *as applicable*

14.     Credibility of Witnesses, Redbook 2.200

15.     Police Officer's or Law Enforcement Official's Testimony, Redbook 2.207 *(as adapted to include the phrase "or law enforcement official" after each instance of the phrase "police officer" in the Redbook charge)*

16.     Right of Defendant Not to Testify, Redbook 2.208 *or* Defendant as Witness, Redbook 2.209, *as applicable*

17.     Defendant As Witness, Redbook 2.209, *as applicable*

18.     <u>Count One</u>: Entering or Remaining in a Restricted Building, 18 U.S.C. § 1752(a)(1) [*see* proposal below]

    a.     Elements

    b.     "Restricted Building or Grounds"

    c.     "Person protected by the Secret Service"

    d.     "Knowingly"

19.     <u>Count Two</u>: Disorderly or Disruptive Conduct in a Restricted Building, 18 U.S.C. § 1752(a)(2) [*see* proposal below]

    a.     Elements

    b.     "Disorderly conduct "

    c.     "Disruptive conduct"

2

20. <u>Count Three</u>: Violent Entry or Disorderly Conduct in a Capitol Building, 40 U.S.C. § 5104(e)(2)(D) [*see* proposal below]

    a. Elements

    b. "Capitol Buildings"

    c. "Capitol Grounds"

    d. "House of Congress"

    e. "Orderly Conduct of a Session of Congress or either House of Congress"

    f. "Willfully"

21. <u>Count Four</u>: Parading, Demonstrating, or Picketing in a Capitol Building, 40 U.S.C. § 5104(e)(2)(G) [*see* proposal below]

    a. Elements

    b. "Parade"

    c. "Picket"

    d. "Demonstrate"

22. Proof of State of Mind, Redbook 3.101

23. Multiple Counts – One Defendant, Redbook 2.402

24. Unanimity—General, Redbook 2.405

25. Verdict Form Explanation, Redbook 2.407

26. Redacted Exhibits, Redbook 2.500

27. Exhibits During Deliberations, Redbook 2.501

28. Possible Punishment Not Relevant, Redbook 2.505

29. Selection of Foreperson, Redbook 2.502

30. Communication Between Court and Jury During Jury's Deliberations, Redbook 2.509

31. Attitude and Conduct of Jurors in Deliberations, Redbook 2.510

32. Excusing Alternate Jurors, Redbook 2.511

**Proposed Instruction No. 18**

**ENTERING OR REMAINING IN A RESTRICTED BUILDING[1]**

18 U.S.C. § 1752(a)(1)

Count One of the Information charges the defendant with entering or remaining in a restricted building or grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, the defendant did so knowingly.

Definitions

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the

---

[1] 18 U.S.C. §§ 1752, 3056; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021). For a January 6 cases using this instruction, *see United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 26); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 8-9).

defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.

Proposed Instruction No. 19

DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING[2]

18 U.S.C. § 1752(a)(2)

Count Two of the Information charges the defendant with disorderly or disruptive conduct in a restricted building or grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Definitions

"Disorderly conduct" is conduct that tends to disturb the public peace or undermine public safety.[3] Disorderly conduct includes when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is

---

[2] 18 U.S.C. § 1752. For a January 6 case using this instruction, *see United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6-7); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 27); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 9).

[3] *United States v. Grider*, 21-cr-22 (CKK) (ECF No. 150 at 24) ("'[D]isorderly' conduct is that which 'tends to disturb the public peace, offend public morals, or undermine public safety.' 'Disorderly,' Black's Law Dictionary (9th ed. 2009); *see also* 'Disorderly,' Oxford English Dictionary (2nd ed. 1989) ('Not according to order or rule; in a lawless or unruly way; tumultuously, riotously.')").

likely to be harmed or taken, uses words likely to produce violence on the part of others, or is unreasonably loud and disruptive under the circumstances.[4]

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[5]

The terms "knowingly" and "restricted building or grounds" have the same meanings described in the instructions for Count One.

---

[4] *United States v. Schwartz, et al,*, No. 21-cr-178 (APM) (ECF No. 172 at 27).
[5] Redbook 6.643.

## Proposed Instruction No. 20

## DISORDERLY CONDUCT IN A CAPITOL BUILDING OR GROUNDS[6]

### 40 U.S.C. § 5104(e)(2)(D)

Count Three of the Information charges the defendant with disorderly and disruptive conduct in a Capitol Building or Grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings or Grounds.

Second, the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

Third, the defendant acted willfully and knowingly.

Definitions

The term "Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.

The "Capitol Grounds" includes the area depicted in Government's Exhibit 003

The term "House of Congress" means the United States Senate or the United States House of Representatives.

For purposes of this offense, "the orderly conduct of a session of Congress or either House of Congress" includes the actions of Congress' Joint Session to certify the Electoral College vote.

---

[6] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 22); *United States v. Jenkins*, No. 21-cr-245 (APM) (ECF No. 78 at 31); *United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 40); *United States v. Williams*, 21-cr-618 (ABJ) (ECF 122 at 40).

9

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. While the government must show that a defendant knew that the conduct was unlawful, the government does not need to prove that the defendant was aware of the specific law that his conduct violated.

The term "knowingly" has the same meaning described in the instructions for Count One.

"Disorderly conduct" and "disruptive conduct" have the same meaning described in the instructions for Count Two.

.

Proposed Instruction No. 21

**PARADING, DEMONSTRATING, OR PICKETING IN A CAPITOL BUILDING[7]**

40 U.S.C. § 5104(e)(2)(G)

Count Four of the Information charges the defendant with parading, demonstrating, or picketing in a Capitol Building, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.

Second, the defendant acted willfully and knowingly.

Definitions

The terms "parade" and "picket" have their ordinary meanings. The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.[8]

The term "knowingly" has the same meaning described in the instructions for Count One. The terms "Capitol Buildings" and "willfully" have the same meaning described in the instructions for Count Three.

---

[7] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 23); *United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 42); *United States v. Williams*, 21-cr-618 (ABJ) (ECF 122 at 40).
[8] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 23); *see also Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000).