# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 1:22-cr-00183-TSC |
| | : | |
| | : | (JUDGE CHUTKAN) |
| v. | : | |
| | : | |
| | : | |
| LYNWOOD NESTER, | : | |
| | : | |
| Defendant | : | |

## DEFENSE BRIEF IN SUPPORT OF MOTION FOR CHANGE OF PLEA

The Defendant, by and through his Attorney, Jonathan W. Crisp, Esq., hereby respectfully requests that this Court grant the Defendant's Request for Change of Plea from Not Guilty to Nolo Contendere to the Information, pursuant to Federal Rule of Criminal Procedure 11(a)(3). In support of said motion, the following is averred:

## PROCEDURAL HISTORY

1. The Defendant was indicted on 20 May 2022, and charged with the following:

   a) Count 1: Entering and Remaining in a Restricted Building;[1]

   b) Count 2: Disorderly and Disruptive Conduct in a Restricted Building;[2]

   c) Count 3: Violent Entry and Disorderly Conduct in a Capitol Building;[3]

   d) Count 4: Parading, Demonstrating, or Picketing in a Capitol Building;[4]

2. On 20 May 2022, Jonathan W. Crisp, Esq. entered his appearance in this matter.

---

[1] 18 USC § 1752(a)(1)
[2] 18 USC § 1752(a)(2)
[3] 40 USC § 5104(e)(2)(D)
[4] 40 USC § 5104(e)(2)(G)

3. On 24 April 2023, a Jury Trial was scheduled to begin on 17 October 2023.

4. On 15 October 2023, undersigned counsel notified Government Counsel and This Honorable Court at 9:26 p.m. via email of the Defendant's intent to enter a Guilty Plea to the Information. On 16 October 2023 at 12:57 p.m., undersigned counsel clarified that the Defendant intended to enter a Nolo Contendere plea consistent with Federal Rule of Criminal Procedure 11(a)(3) to all counts of the information.

5. On 16 October 2023 at 2:16 p.m., Government Counsel notified This Honorable Court of its intention to object to entry of a Nolo Contendere plea.

6. On 16 October 2023 at 3:25 p.m. This Honorable Court directed the parties to file a motion to continue and seek a new date to conduct the change of plea.

7. Undersigned counsel submitted the motion for continuance as directed and with concurrence from Government Counsel as to a date proposed by the Court, set a change of plea hearing for 18 October 2023.

8. On 17 October 2023, a Minute Order was issued vacating the October 17 Jury Trial and directing the parties to submit briefings regarding the change of plea from Not Guilty to Nolo Contendere.

9. The Court specifically directed the Defense to address the following issues:

    a) The standard governing the court's decision to accept a plea of nolo contendere;

b) The factors considered; and

c) Whether allowing the plea serves the public interest in the effective administration of justice.

## LAW

10. Nolo Contendere pleas have been recognized by federal courts for over 100 years and these pleas operate as an admission of guilt for purposes of the case. Hudson v. United States, 272 U.S. 451, 453 (1926). "A plea of nolo contendere is, for purposes of punishment, the same as the plea of guilty. Hudson, citing North Carolina v. Alford, 400 U.S. 25 (1970). The seminal case dealing with nolo contendere pleas is North Carolina v. Alford, 400 U.S. 25, 35 n.8, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). A plea of nolo contendere is an implied confession that must be based on a reliable determination of voluntariness, sufficiently considered in the parties' views, and must align with the public interest in the effective administration of justice.

They are indeed recognized as a lawful manner in which to plead under Federal Rule of Criminal Procedure (FRCP) 11.

11. FRCP 11(b)(2) indicates that the Court shall not accept a plea of guilty *or* nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. (Emphasis added). The Court is also

directed to inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the prosecutor and the defendant or his [or her] attorney. See Id.  See also Boykin v. Alabama, 395 U.S. 238, 243, 89 S. Ct. 1709, 1712, 23 L.Ed.2d 274, 279 (1969).

12.  Under FRCP 11(a)(3), before accepting a plea of nolo contendere, the court must consider the parties' views and the public interest in the effective administration of justice.

13.  In United States v. Farrar, 876 F.3d 702 (5Th Cir. 2017), the Court defined a nolo contendere plea as a "plea of 'no contest'" and further stated

> [a]lthough it is said that a plea of nolo contendere means literally I do not contest [the charge], and is a mere statement of unwillingness to contest and no more, it does admit every essential element of the offense (that is) well pleaded in the charge. Hence, it is tantamount to an admission of guilt for the purposes of the case, and nothing is left but to render judgment, for the obvious reason that in the face of the plea no issue of fact exists, and none can be made while the plea remains of record.

Id. at 706-7.  (quoting Lott v. United States, 367 U.S. 421, 426 (1961)).  (internal quotations omitted).

14.  The discussion in Farrar effectively establishes that a plea of nolo contendere admits the Government could prove the case beyond a reasonable doubt and the defendant does not contest the Government could establish the elements of the offenses beyond a reasonable doubt.   And the defendant in Farrar sought to save the jurors and others the horror of having the view the obscene images of child

pornography.  After the magistrate judge made a report and recommendation providing a detailed description of the obscene nature of the images, based on the Government's proffered factual basis, the district judge accepted the plea.

15.  The 6th Circuit Court of Appeals discussed support for a nolo contendere plea in <u>United States v. Beardon</u>, 274 F.3d 1031 (6th Cir. 2001).  Specifically, the Court cited to the language of FRCP Rule 11(b)[5].  The Court went on to state it rejected the notion that a district court has an absolute or even arbitrary right to reject a plea of nolo contendere.

16.  <u>United States v. Bowser</u>, 2013 U.S. Dist. LEXIS 125229 provides a helpful analysis regarding the standards and factors to be considered in nolo contendere pleas: (1) any mitigating circumstances, (2) the culpability of the defendant (tendering a nolo plea) relative to codefendants, (3) the deterrent effect of a nolo as compared to a guilty plea, [and] (4) the pragmatic considerations of avoiding an expensive and time-consuming trial.  <u>Id</u>. at 5.  (Quoting <u>United States v. Brighton Bldg. & Maintenance Co</u>., 431 F. Supp. 118 (N.D. Ill. 1977).

17.  Other courts have posited factors to be considered in determining whether to consent to the plea, including: the position of the United States; the nature and duration of the violation; prior violations; the impact of the conduct on the public;

---

[5] "such a plea shall be accepted by the court only after due consideration of the views of the parties and the interest of the public in the effective administration of justice" <u>Id</u>. at 1036.  Emphasis in the original.

the deterrent effect of any plea; whether acceptance of the plea would be discriminatory or incongruous; the defendant's unique circumstances; whether defendant has firsthand knowledge of facts that would be sufficient to constitute a factual basis for a guilty plea; whether a trial would be lengthy or expensive; whether the plea would undermine public confidence in the criminal justice system; and whether there is a risk of accepting a plea from an innocent defendant. *See e.g.*, United States v. McGill, 128 F. Supp. 3d 863, 871-74 (E.D. Pa. 2015) (collecting cases); United States v. AEM, Inc., 718 F. Supp. 2d 1334, 1336-40 (M.D. Fla. 2010).

## ARGUMENT

18. With those factors in mind, the defendant submits there are significant mitigating circumstances in the form of his lack of criminal history, his presence in the Capitol building was of limited duration – approximately 11 minutes- , his conduct inside was de minimis. He did not engage in violence and uttered one phrase one time while in the Capitol. The fact the Government was willing to accept a plea to the lowest count in his co-defendant's cases is significant because it signals that the three counts to which he could face sentencing are available to This Court for purposes of sentencing that were not available to the co-defendants. Thus his culpability for sentencing purposes is greater while his actual culpability is less when compared to his actual behavior.

19. Moreover, the defendant is prepared to accept the Government's proffer to the elements of the offenses. Also compelling is the consideration of the defendant's state of mind as to the specific intent requirement of certain of the offenses. It would require the defendant to admit, under oath, that he specifically intended certain actions and knew the existence of certain facts that he did not at the time of the offense. Moreover, he recognizes now that his actions were violative of certain of the charges, but he did not at the time, implicating the adage that "ignorance of the law is no excuse."

20. Most compelling is the fact that the pragmatic consideration of a trial would be a colossal waste of taxpayer dollars and jurors and the Court's time. The outcome is in essence, a foregone conclusion. It would also unfairly subject him to an enhancement at sentencing were he to testify at trial as to why he thought his conduct was permissible and the jury were to convict him.

21. He can acknowledge today that he was wrong for being where he was and subsequently entering the Capitol, which goes to the heart of all four of the above factors. Such an acknowledgement would not disparage law enforcement nor would it undermine the administration of justice, quite the contrary.

    WHEREFORE, it is respectfully requested that the Court grant the Defendant's Motion for Change of Plea from Not Guilty to Nolo Contendere, in accordance with Federal Rule of Criminal Procedure 11(a)(3).

Respectfully submitted,
CRISP AND ASSOCIATES, LLC

Date: 31 October 2023

*/s/Jonathan W. Crisp*
Jonathan W. Crisp, Esquire
4031 North Front St.
Harrisburg, PA  17110
I.D. # 83505
(717) 412-4676
jcrisp@crisplegal.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served on the individual listed below:

### ELECTRONIC SERVICE

Brian Morgan, Esquire
Assistant United States Attorney
Human Rights & Special Prosecutions
1301 New York Avenue NW
Washington, DC 20530
brian.morgan@usdoj.gov

Date: 31 October 2023

/s/ Jonathan W. Crisp
Jonathan W. Crisp, Esquire
4031 North Front St.
Harrisburg, PA  17110
I.D. # 83505
(717) 412-4676
jcrisp@crisplegal.com
Attorney for Defendant