IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 1:22-cr-00183-TSC |
| | : | |
| | : | (JUDGE CHUTKAN) |
| v. | : | |
| | : | |
| | : | |
| LYNWOOD NESTER, | : | |
| | : | |
| Defendant | : | |

## DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR CHANGE OF PLEA

The Defendant, by and through his Attorney, Jonathan W. Crisp, files this Reply to the Government's Response in Opposition to the Defendant's Brief in Support of Motion for Change of Plea. For the reasons set forth below, this Court should grant the Defendant's request for change of plea from not guilty to nolo contendere to the Information, pursuant to Federal Rule of Criminal Procedure 11(a)(3).

## PROCEDURAL HISTORY

The Defendant was indicted on 20 May 2022, and charged with the following:

1. Count 1: Entering and Remaining in a Restricted Building[1];

2. County 2: Disorderly and Disruptive Conduct in a Restricted Building[2];

3. Count 3: Violent Entry and Disorderly Conduct in a Capitol Building[3];

4. Count 4: Parading, Demonstrating, or Pocketing in a Capitol Building[4].

On 20 May 2022, Jonathan W. Crisp, Esq. entered his appearance in this matter. Jury trial in the instant case was scheduled on 24 April 2023, and set to begin on 17 October 2023. Prior to trial,

---

[1] 18 USC § 1752(a)(1)
[2] 18 USC § 1752(a)(2)
[3] 40 USC § 5104(e)(2)(D)
[4] 40 USC § 5104(e)(2)(G)

1

on 15 October 2023, undersigned counsel notified Government Counsel and this Honorable Court at 9:26 p.m. via email of the Defendant's intent to enter a Guilty Plea to the Information. On 16 October 2023 at 12:57 p.m., undersigned counsel clarified that the Defendant intended to enter a Nolo Contendere plea consistent with the Federal Rule of Criminal Procedure 11(a)(3) to all counts of the Information. On that same date, Government Counsel notified this Honorable Court of its intention to object to entry of a Nolo Contendere plea. This Honorable Court responded by directing the parties to file a motion to continue and seek a new date to conduct the change of plea.

Undersigned counsel submitted the motion for continuance as directed and with concurrence from Government Counsel as to a date proposed buy the Court, set a change of plea hearing for 18 October 2023. On 17 October 2023, a Minute Order was issued vacating the October 17 Jury Trial and directing the parties to submit briefings regarding the change of plea from Not Guilty to Nolo Contendere. The Court specifically directed the Defense to address the standard governing the court's decision to accept a plea of nolo contendere, the factors considered; and whether allowing the plea serves the public interest in the effective administration of justice.

On 31 October 2023, the Defendant, through counsel, filed his Brief in Support of his Motion for Change of Plea. On 10 November 2023, the Government filed their Memo in Opposition to Defendant's Motion to Plead Nolo Contendere. This Reply follows.

## LEGAL AUTHORITY

Nolo Contendere pleas have been recognized by federal courts for over 100 years and these pleas operate as an admission of guilt for purposes of the case. Hudson v. United States, 272 U.S. 451, 453 (1926). "A plea of nolo contendere is, for purposes of punishment, the same as the plea of guilty. Hudson, citing North Carolina v. Alford, 400 U.S. 25 (1970). The seminal

case dealing with nolo contendere pleas is North Carolina v. Alford, 400 U.S. 25, 35 n.8, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). A plea of nolo contendere is an implied confession that must be based on a reliable determination of voluntariness, sufficiently considered in the parties' views, and must align with the public interest in the effective administration of justice. They are indeed recognized as a lawful manner in which to plead under Federal Rule of Criminal Procedure (FRCP) 11.

FRCP 11 (b)(2) indicates that the Court shall not accept a plea of guilty *or* nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. (Emphasis added). The Court is also directed to inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the prosecutor and the defendant or his [or her] attorney. See Id.. See also Boykin v. Alabama, 395 U.S. 238, 243, 89 S. Ct. 1709, 1712, 23 L.Ed.2d 274, 279 (1969).

Under FRCP 11(a)(3), before accepting a plea of nolo contendere, the court must consider the parties' views and the public interest in the effective administration of justice.

In United States v. Farrar, 876 F.3d 702 (5th Cir. 2017), the Court defined a nolo contendere plea as a "plea of 'no contest'" and further stated

> [a]lthough it is said that a plea of nolo contendere means literally I do not contest [the charge], and is a mere statement of unwillingness to contest and no more, it does admit every essential element of the offense (that is) well pleaded in the charge. Hence, it is tantamount to an admission of guilt for the purposes of the case, and nothing is left but to render judgment, for the obvious reason that in the face of the plea no issue of fact exists, and none can be made while the plea remains of record.

Id. at 706-7. (quoting Lott v. United States, 367 U.S. 421, 426 (1961)). (internal quotations omitted).

The discussion in Farrar effectively establishes that a plea of nolo contendere admits the Government could prove the case beyond a reasonable doubt and the defendant does not contest the Government could establish the elements of the offenses beyond a reasonable doubt. And the defendant in Farrar sought to save the jurors and others the horror of having to view the obscene images of child pornography. After the magistrate judge made a report and recommendation providing a detailed description of the obscene nature of the images, based on the Government's proffered factual basis, the district judge accepted the plea.

The 6th Circuit Court of Appeals discussed support for a nolo contendere plea in United States v. Beardon, 274 F.3d 1031 (6th Cir. 2001). Specifically, the Court cited to the language of FRCP Rule 11(b)[5]. The Court went on to state it rejected the notion that a district court has an absolute or even arbitrary right to reject a plea of nolo contendere.

United States v. Bowser, 2013 U.S. Dist. LEXIS 125229 provides a helpful analysis regarding the standards and factors to be considered in nolo contendere please (1) any mitigating circumstances, (2) the culpability of the defendant (tendering a nolo plea) relative to codefendants, (3) the deterrent effect of a nolo as compared to a guilty plea, [and] (4) the pragmatic considerations of avoiding an expensive and time-consuming trial. Id. at 5. (Quoting United States v. Brighton Bldg. & Maintenance Co., 431 F. Supp. 118 (N.D. Ill. 1997).

Other courts have posited factors to be considered in determining whether to consent to the plea, including: the position of the United States; the nature and duration of the violation; prior violations; the impact of the conduct on the public; the deterrent effect of any plea; whether acceptance of the plea would be discriminatory or incongruous; the defendant's unique circumstances; whether defendant has firsthand knowledge of facts that would be sufficient to

---

[5] "such a plea shall be accepted by the court only after due consideration of the view of the parties and the interest of the public in the effective administration of justice" Id. at 1036. Emphasis in the original.

constitute a factual basis for a guilty plea; whether a trial would be lengthy or expensive; whether the plea would undermine public confidence in the criminal justice system; and whether there is a risk of accepting a plea from an innocent defendant. *See e.g.*, United States v. McGill, 128 F. Supp. 3d 863, 871-74 (E.D. Pa. 2015) (collecting cases); United States v. AEM, Inc., 718 F. Supp. 2d 1334, 1336-40 (M.D. Fla. 2010).

## ARGUMENT

I.  **Public Interest**

The Government alleged the public interest lies in the correction of "false narratives and misinformation" that surrounds January 6 and subsequent prosecutions such as the instant case. ECF 111 at 6. This statement alone, coupled with the Government's vehement opposition to resolving this matter in a plea, evinces their primary objective of utilizing this trial as a tool through which they can regain "control" of and correct the narrative surrounding January 6. This motivation fails to coincide with the effective administration of justice. Furthermore, the public's trust in the judicial system will not be violated by the court's acceptance of a nolo contendere plea where the Defendant has acknowledged his wrongdoing.  This language fails to account for the particular defendant and his conduct in and around the Capitol and what he has said, or more specifically, not said about the events of January 6, 2021.

The Government's attempt to paint the Defendant as something he is not in an effort to regain control of the January 6 narrative is further evinced by their consistent reference to the Defendant as a rioter throughout their memorandum. This reference was made to rebut the Defendant's argument his conduct was de minimus, but they failed to adduce anything more than mere distortion. The crux of the Government's argument lies solely in the mislabeling of the Defendant as a rioter; referring to the Defendant as such when his actions amounted to nothing

more than mere presence is improper. The Government has not established Defendant's connection to or agreement with any "rioters" who engaged in violent behavior on January 6, but it is interesting to note that the Government was willing to accept, and indeed did accept, a plea to the most minor offense in the Information: Parading Picketing and Demonstrating. Such a plea was tantamount to "rioting" and is most consistent with his actions on January 6.

### Specific and General Deterrence

The Government falsely asserts the Defendant refuses "to acknowledge guilt" which is a blatant disregard for the Defendant's willingness to proffer to the elements and his acknowledgment that he was wrong for where he was and for entering the Capitol as stated in his brief. ECF 110 at 8. The Government conveniently ignores the Defendant's willingness to accept responsibility in the form of accepting punishment for his actions; both of which suffice to establish specific and general deterrence for future crimes.

### CONCLUSION

For the reasons set forth herein, the Defense respectfully requests this Honorable Court grant the Defendant's Motion to Change Plea from Not Guilty to Nolo Contendere, in accordance with Federal Rule of Criminal Procedure 11(a)(3).

Dated: 15 November 2023

Respectfully Submitted,

*/s/Jonathan W. Crisp*
Jonathan W. Crisp, Esquire
4031 North Front St.
Harrisburg, PA  17110
I.D. # 83505
(717) 412-4676
jcrisp@crisplegal.com

**CERTIFICATE OF SERVICE**

 The undersigned hereby certifies that the foregoing document was served on the individual listed below:

**ELECTRONIC SERVICE**

Brian Morgan, Esquire
Assistant United States Attorney
Human Rights & Special Prosecutions
1301 New York Avenue NW
Washington, DC 20530

Date: 15 November 2023      /s/ Jonathan W. Crisp
                     Jonathan W. Crisp, Esquire
                     4031 North Front St.
                     Harrisburg, PA  17110
                     I.D. # 83505
                     (717) 412-4676
                     jcrisp@crisplegal.com
                     Attorney for Defendant