UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**LYNNWOOD NESTER**,<br><br>Defendant. | Criminal Action No. 22-cr-183 (TSC) |

**OPINION AND ORDER**

Before the court is Lynnwood Nester's opposed Motion for Change of Plea, ECF No. 110 ("Motion"). Nester seeks to plead nolo contendere to four misdemeanor counts charged in the Information related to his participation in the January 6, 2021 riot at the U.S. Capitol. Mot. at 1. For the reasons set forth below, the court **DENIES** the motion.

I. BACKGROUND

Nester and two co-defendants were charged with Entering and Remaining in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(2); Violent Entry and Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). Information, ECF No. 14. Nester's co-defendants each pleaded guilty to one count of Parading, Demonstrating, or Picketing in a Capitol Building and were sentenced to 21 and 30 days incarceration, respectively. Plea Agreement as to Brian Korte, *United States v. Korte*, No. 22-cr-183-1 (D.D.C. Mar. 24, 2023), ECF No. 63; Plea Agreement as to Michael Pomeroy, *United States v. Korte*, No. 22-cr-183-3 (D.D.C. Feb. 8, 2023), ECF No. 57; Judgment as to Brian Korte at 2, *United States v. Korte*, No. 22-cr-183-1 (D.D.C. Aug. 9, 2023), ECF No. 88; Judgment as to

Michael Pomeroy at 2, *United States v. Korte*, No. 22-cr-183-3 (D.D.C. May 23, 2023), ECF No. 74.

Nester elected to proceed to trial, which had been scheduled for October 17, 2023. Defense counsel notified the government and the court late Sunday, October 15, 2023 that Nester wished to plead guilty to the Information. Defense counsel clarified on Monday, October 16, 2023 that Nester wished to enter a plea of nolo contendere to the Information, to which the government objected. The court vacated the trial date and set a briefing schedule, directing Nester to address the standard governing the court's decision to accept a nolo plea, the factors to be considered, and whether allowing the plea would serve the public interest in the effective administration of justice. The court directed the government's response to address the same issues, as well as the grounds for opposing the plea and whether courts in this district have accepted a nolo contendere plea under similar circumstances. Oct. 17, 2023 Minute Order.

## II.     LEGAL STANDARD

A plea of nolo contendere is "viewed not as an express admission of guilt but as a consent by the defendant that he may be punished as if he were guilty and a prayer for leniency." *North Carolina v. Alford*, 400 U.S. 25, 36 n.8 (1970). Federal Rule of Criminal Procedure 11 preserves the distinction between guilty pleas and pleas of nolo contendere in that it requires the court to reject a guilty plea "unless it is satisfied that there is a factual basis for the plea," without imposing the same requirement for a nolo plea. *Id.* (citation omitted); *compare* Fed. R. Crim. P. 11(b)(1)–(2) (directing the court to address the defendant in open court and inform him of certain topics "[b]efore the court accepts a plea of guilty *or nolo contendere*") (emphasis added), *with* Fed. R. Crim. P. 11(b)(3) (directing the court to determine the factual basis for a plea "[b]efore entering judgment on a guilty plea").

Rule 11 provides that a "defendant may plead not guilty, guilty, or (with the court's consent) nolo contendere." Fed. R. Crim. P. 11(a)(1). The Rule "clearly indicates that a criminal defendant has no absolute right to plead nolo contendere," and instead may enter a nolo plea only with the consent of the court. *United States v. Bearden*, 274 F.3d 1031, 1035 (6th Cir. 2001). "The circuits that have considered this issue have generally held that a district court possesses wide discretion whether to accept a plea of nolo contendere." *Id.* (collecting cases). However, "[b]efore accepting a plea of nolo contendere, the court must consider the parties' views and the public interest in the effective administration of justice." Fed. R. Crim. P. 11(a)(3). "Rule 11 is silent with respect to what, if anything, the court must consider before *rejecting* a plea of nolo contendere." *United States v. Buonocore*, 416 F.3d 1124, 1130 (10th Cir. 2005).

Beyond the mandatory considerations above, the Advisory Committee Notes to Rule 11 observe that "[t]he factors considered relevant by particular courts in determining whether to permit the plea of nolo contendere vary." Fed. R. Crim. P. 11 advisory committee's note to 1974 amendment. Those factors have included: 1) the defendant's role in the violation, including any mitigating circumstances; 2) the culpability of the defendant tendering a nolo plea relative to any co-defendants; 3) the deterrent effect of a no contest plea as compared to a guilty plea; and 4) the conservation of judicial resources. *See United States v. Cota*, No. 08-cr-160-SI, 2008 WL 4531804, at *1 (N.D. Cal. Oct. 7, 2008) (citing, *inter alia*, *United States v. Baltimore and Ohio R.R.*, 543 F. Supp. 821, 822 (D.D.C. 1982)); *United States v. Bowser*, No. 12-cr-102-TWP, 2013 WL 4736244, at *2 (S.D. Ind. Sept. 3, 2013). The Circuits that have considered the question largely agree that a district court does not abuse its discretion in rejecting a nolo plea where the government objects to the plea. *See Bearden*, 274 F.3d at 1036 ("Moreover, the government objected to the proffered nolo plea in the present case, and the district court would have been

within its discretion had it rejected [defendant's] nolo plea on that basis."); *United States v. David E. Thompson, Inc.*, 621 F.2d 1147, 1150 (1st Cir. 1980) ("We know of no case in which an appeals court reversed a district court's refusal to accept a plea of nolo not supported by the prosecution."); *see also Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co.*, 323 F.2d 412, 415 (7th Cir. 1963) ("And in practice pleas of nolo contendere are rarely accepted by courts without the approval of the Government after compromise negotiations with the Government.").

Over fifty years ago, our Circuit observed that a plea of nolo contendere is "rarely used." *Bruce v. United States*, 379 F.2d 113, 120 n.20 (D.C. Cir. 1967). That continues to be the case. In the half-century since *Bruce*, it appears that nolo pleas have been accepted only in a handful of cases, primarily in antitrust matters on behalf of corporate defendants. *See, e.g.*, *United States v. Bessemer & Lake Erie R. Co.*, 717 F.2d 593, 597 (D.C. Cir. 1983); *Baltimore & Ohio R.R.*, 543 F. Supp. at 822; *see also United States v. Meyer*, 346 F. Supp. 973, 975 n.1 (D.D.C. 1972) (referencing two members of the "D.C. Nine" who pled nolo contendere). Neither side has pointed to a single January 6-related case in which a defendant has entered a nolo contendere plea, and the court is aware of none. Opp. at 6, ECF No. 111.

### III.   ANALYSIS

#### A.   The Parties' Views

Nester asks the court to accept his plea because there are mitigating circumstances, he is willing "to accept the Government's proffer to the elements of the offenses," and a nolo plea will save time and tax dollars by avoiding a trial. Mot. at 6–7. The mitigating circumstances include Nester's lack of criminal history, the relatively brief time he spent inside the Capitol building, and the de minimis nature of his conduct inside. *Id.* at 6. Nester also urges "consideration of [his] state of mind as to the specific intent requirement of certain of the offenses," and his willingness "to admit, under oath, that he specifically intended certain actions and knew the

existence of certain facts that he did not at the time of the offense." *Id.* at 7. And he contends that any trial would waste time and taxpayer money because its outcome is a "foregone conclusion." *Id.* Nester also claims his decision to testify could "unfairly subject him to an enhancement at sentencing" were he to testify about why he believed his conduct was permissible. *Id.*

The government contends that Nester's conduct was not de minimis where his presence and the presence of any rioter inside the Capitol "meant that Congress could not reconvene to continue its constitutionally prescribed function of certifying the electoral college count." Opp. at 7. The government argues that a nolo plea would provide inadequate specific and general deterrence for future crimes because Nester's continued denial that he "intended certain actions and knew the existence of certain facts" diminishes the impact of specific deterrence, *id.*, and because nolo pleas do not serve the same general deterrence effects as a guilty plea or trial verdict, *id.* at 4, 6. And the government notes that avoiding a trial at this late stage—after the defendant indicated his desire to plead nolo the day before jury selection—would not conserve the parties' resources where the government and the court have already invested substantial resources in preparing Nester's case for trial. *Id.* at 7.

B.      **Public Interest in the Administration of Justice**

The government contends a plea of nolo contendere would not be in the public interest given the "false narratives and misinformation" surrounding the events of January 6. *Id.* at 6. It argues that a nolo plea would allow Nester to plead to the charges but avoid a colloquy establishing the predicate facts of his offenses— an outcome that is not equivalent to a jury finding that the government has met its burden or Nester's admission of the facts in open court and acknowledgment that his acts violated the law. *Id.* at 5. The government argues that Nester's desire to plead nolo to charges he still denies—pointing to his unwillingness "to admit,

under oath, that he specifically intended certain actions and knew the existence of certain facts" at the time of the offense—shows that Nester "has not recognized, acknowledged, or accepted that he is in fact guilty of the charged offenses." *Id.* at 7; Mot. at 7.  In the government's view, accepting a nolo plea under these circumstances would allow Nester to continue the false narrative that he did nothing wrong and deprive the public of a record of the facts underlying his criminal prosecution and his admission of guilt under those facts.  Opp. at 5–6.

Nester counters that the government does not seek to serve the public interest but instead to "control" and correct the narrative surrounding January 6, which does not serve the effective administration of justice.  Reply at 5, ECF No. 112.  He argues that public trust in the judicial system will not be eroded where his willingness to "accept responsibility in the form of accepting punishment for his actions" suffices to serve the public interest and establish specific and general deterrence for future crimes.  *Id.* at 5–6.

The government's arguments against acceptance of a nolo contendere plea are more compelling.  As it notes, reaffirming public trust in the rule of law and the criminal justice system is "paramount in the context of January 6 cases."  Opp. at 6.  Nester has not explained why he, unlike hundreds of January 6 defendants before him, should avoid a trial that tests the government's evidence regarding his *mens rea* and refuse to admit that his actions violated the law.  While Nester is correct that a nolo contendere plea "admits to every essential element of the offense that is well pleaded in the indictment," *Bessemer*, 717 F.2d at 597, there is significant daylight between the Information's allegations and the lengthy factual recitations in Nester's co-defendants' Statements of Offense entered with their guilty pleas.  *See* Statement of Offense as to Brian Korte, *United States v. Korte*, No. 22-cr-183-1 (D.D.C. Mar. 24, 2023), ECF No. 62;

Statement of Offense as to Michael Pomeroy, *United States v. Korte*, No. 22-cr-183-3 (D.D.C. Feb. 8, 2023), ECF No. 56.

Moreover, Nester's co-defendants admitted their guilt unreservedly after lengthy Rule 11 plea colloquies. Nester's citations to *Lott v. United States* do not change the fact that while a nolo plea "is tantamount to an admission of guilt" for the purpose of *punishment*, entry of a nolo plea specifically preserves the defendant's ability to deny that he committed each and every act the government charged, as Nester appears to do here. 367 U.S. 421, 426 (1961) (citation omitted); *cf. United States v. De Jesus Ventura*, 565 F.3d 870, 879 (D.C. Cir. 2009) ("Indeed, the judge might have inferred that Ventura was pleading nolo contendere because he had violated the abduction statute but had not done all that the government alleged."). That outcome is not warranted and does not serve the public interest in the administration of justice. If Nester maintains that he did not possess the requisite *mens rea* to have committed the offenses for which he is charged, he can put the government's proof to the test at trial. Or, like his co-defendants, he can accept culpability for the acts with which he is charged and acknowledge that his *mens rea* and actions on January 6 violated the law.

**C.      Remaining Factors**

Of the remaining factors—1) the defendant's role and any mitigating circumstances; 2) the defendant's culpability relative to any codefendants; 3) the deterrent effect of a no contest plea as compared to a guilty plea; and 4) the conservation of judicial resources—the first two weigh against entry of a nolo plea. The court does not consider the absence of violent behavior a mitigating circumstance (indeed, had Nester engaged in violence he would likely have been charged with at least one felony) and agrees with the government that Nester's presence in the Capitol and his participation in the events which led to halting certification of the 2024 election results was not de minimis. And the Complaint does not indicate that Nester's conduct was less

egregious than that of his co-defendants. *See* ECF No. 1. To the extent a nolo plea would minimize the seriousness of the offenses Nester allegedly committed, these factors weigh against its acceptance.

With respect to the third factor—the deterrent effect of a no contest plea as compared to a guilty plea—other Circuits have noted that the "public might well not understand or accept the fact that a defendant who denied his guilt was nonetheless placed in a position of pleading guilty and going to jail." *United States v. Bednarski*, 445 F.2d 364, 366 (1st Cir. 1971) (discussing an *Alford* plea, a guilty plea in which a defendant maintains his innocence despite a factual basis for the plea); *see also United States v. Cox*, 923 F.2d 519, 524–26 (7th Cir. 1991); *United States v. O'Brien*, 601 F.2d 1067, 1070 (9th Cir. 1979). For similar reasons, a plea of nolo contendere, especially one where Nester denies elements of the charged offenses, diminishes the impact of general deterrence. *Accord United States v. H & M, Inc.*, 565 F. Supp. 1, 3 (M.D. Pa. 1982) ("The court also concludes that accepting a nolo plea in this case would not serve as a deterrent to antitrust activity."). And while Nester may be deterred from future criminal activity by the effects of punishment based on a nolo plea, his reluctance to admit guilt leaves the court uncertain whether Nester will be tempted to engage in similar behavior if he is dissatisfied with the results of a future election. This factor weighs against acceptance of a nolo contendere plea.

The court also agrees with the government that this case is not one in which entry of a nolo contendere plea would conserve judicial resources, as the court and the government have already devoted significant resources to preparing the case for trial, and the government represents its case should last no more than three days. Opp. at 7–8. In sum, Nester's motion appears to serve his personal rather than the public interest, and it does not appear that his situation is extraordinary or that there are mitigating factors. The government's opposition—

itself a weighty consideration—compellingly argues that deterrence is not served by a nolo plea and that the plea would not conserve significant resources.

\* \* \*

For the foregoing reasons, Nester's Motion for Change of Plea is **DENIED**. The parties are **ORDERED** to confer and jointly propose three dates for trial.

Date: November 27, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge