IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 1:22-cr-00183-TSC |
| | : | |
| | : | (JUDGE CHUTKAN) |
| v. | : | |
| | : | |
| | : | |
| LYNWOOD NESTER, | : | |
| | : | |
| Defendant | : | |

**<u>BRIEF IN SUPPORT OF THE POSITION THE GOVERNMENT MUST PROVE THE DEFENDANT ACTED KNOWINGLY UNDER 18 U.S.C. § 1752(a) RESTRICTED BUILDING OR GROUNDS</u>**

And now comes Lynnwood Nester, by and through his attorney, Jonathan W. Crisp, Esq., and respectfully requests This Honorable Court find the Government must establish the Defendant knew the Capitol was "posted, cordoned off, or otherwise restricted" on January 6 and that it must also prove the Defendant knew then-Vice President Mike Pence, a Secret Service protectee, was temporarily visiting the Capitol that day.

Procedural History

On 20 May 2022, the Government filed an indictment alleging violations of,

1. Count 1: Entering and Remaining in a Restricted Building[1];

2. Count 2: Disorderly and Disruptive Conduct in a Restricted Building[2];

---

[1] 18 USC § 1752(a)(1)
[2] 18 USC § 1752(a)(2)

3. Count 3: Violent Entry and Disorderly Conduct in a Capitol Building[3];

4. Count 4: Parading, Demonstrating, or Pocketing in a Capitol Building[4].

## Legal Authority and Argument

§ 1752(a)(1) requires that a defendant "knowingly enter[] or remain[] in a[] restricted building or grounds without lawful authority to do so." § 1752(c)(1) then provides a definition of "restricted building or grounds," which "means any posted, cordoned off, or otherwise restricted area" of (A) the White House or the Vice President's residence, (B) a building or grounds where the President or another Secret Service protectee is or will be visiting, or (C) a building or grounds restricted for a special event of national significance.

A Defendant's culpable knowledge must extend to the entire statutory definition, not just part of it, meaning a defendant must know that an area is "posted, cordoned off, or otherwise restricted" and, in this case, that it is a "building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting." To remove the *mens rea* concept of knowingly from the definition of "restricted buildings or grounds" removes an

---

[3] 40 USC § 5104(e)(2)(D)
[4] 40 USC § 5104(e)(2)(G)

element of the offense. Removing an element of the offense is not merely jurisdictional, as some judges would seem to support.

Specifically, the Government must prove that the area was, as part of the requisite *actus reus*, in fact a "restricted building or grounds"—not just a place that was "posted [or] cordoned off," but one that meets the full statutory definition laid out a mere two paragraphs down from § 1752(a). Indeed, Judge Nichols in *Elizalde* squarely rejected the textual argument advanced by the government. *See* No. 1:23-cr-00170 (D.D.C. Dec. 1, 2023) ECF 39. The Supreme Court has also applied "knowingly" to language within a defined term where the *mens rea* was in the main text preceding the defined term but not in the definition. *Staples v. United States*, 511 U.S. 600, 603-05 (1994).

Nor is it appropriate to state that one of the three sub-sections of § 1752 charged here (§ 1752(a)(1), charged in Count Five) contains a separate "without lawful authority" element, in addition to the requirement that a defendant knowingly enter a "restricted building or grounds." *See Flores-Figueroa v. United States*, 556 U.S. at 652 (interpreting "knowingly" to apply to fact that a means of identification belonged to another person where offense independently required that the means of identification be used "without lawful authority").

To hold as the Government seeks would effect greater harm than what is proposed here. As Judge Nichols noted in his opinion in Elizalde, accepting the

government's interpretation of the statute would create anomalous results; a person could "knowingly" enter a restricted building or ground, like a construction site, or private land protected by trespassing signs, and not be liable under § 1752, absent the presence of a protectee.

In addition to Judge Nichols, this position has also been adopted by Judge Coooper, Judge Lamberth and most recently Judge Cobb in her opinion in *United States v. Samsel*, No. 1.21-cr-537, ECF 345.

## Conclusion

For the foregoing reasons, this Court should grant the Defendant's request and instruct the jury accordingly.

Respectfully Submitted,

Dated: 27 February 2024

*/s/Jonathan W. Crisp*
Jonathan W. Crisp, Esquire
4031 North Front St.
Harrisburg, PA  17110
I.D. # 83505
(717) 412-4676
jcrisp@crisplegal.com

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that the foregoing document was served on the individual listed below:

### ELECTRONIC SERVICE

Brian Morgan, Esquire
Assistant United States Attorney
Human Rights & Special Prosecutions
1301 New York Avenue NW
Washington, DC 20530
brian.morgan@usdoj.gov


Date: 27 February 2024

/s/ Jonathan W. Crisp
Jonathan W. Crisp, Esquire
4031 North Front St.
Harrisburg, PA  17110
I.D. # 83505
(717) 412-4676
jcrisp@crisplegal.com
Attorney for Defendant